IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NORTHBRIDGE COMMERCIAL
INSURANCE CORPORATION, and
SOUTHVIEW TRUCKING LTD.,

Plaintiffs,

vs.

EDWARD HEINZ, and JANET HEINZ,

Defendants.

**7:25CV5005**

**FINAL PROGRESSION ORDER**

**(AMENDED)**

The Court grants the parties' Joint Motion to Extend Deadlines in the final progression order. Filing No. 38.

IT IS ORDERED that the final progression order is amended as follows:

1)    The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings currently set for September 8, 2026 is <u>continued</u> and will be held with the undersigned magistrate judge on **September 15, 2026** at **10:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2)    The deadlines for identifying liability expert witnesses and complete expert disclosures[1] for all liability experts expected to testify at trial,

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated

1

(both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

> For the plaintiff(s):          March 27, 2026.
>
> For the defendant(s):          May 15, 2026.
>
> Plaintiff(s)' rebuttal:          June 22, 2026.

3)     The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is August 7, 2026.

   a.  The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is a deposition of each expert and party and five additional fact depositions.

   b.  Depositions will be limited by Rule 30(d)(1).

4)     The deadline for filing motions to dismiss and motions for summary judgment for liability issues is September 11, 2026.

5)     The deadlines for identifying damage expert witnesses and complete expert disclosures[2] for all damage experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

> For the plaintiff(s):          February 26, 2027.
>
> For the defendant(s):          April 29, 2027.
>
> Plaintiff(s)' rebuttal:          May 28, 2027.

6)     The deposition deadline for damage experts, including but not limited to depositions for oral testimony only under Rule 45, is September 10, 2027.

---

within that expert's treatment records and reports must be separately and timely disclosed.

[2] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

7)    The deadline for filing motions to dismiss and motions for summary judgment for liability issues is October 15, 2027.

8)    The deadline for filing motions to exclude testimony on *Daubert* and related grounds is October 15, 2027.

9)    **Mediation shall be completed by December 3, 2027.**

10)    Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

11)    All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed. **Any requests for changes of deadlines pertaining to damages will not be considered absent a <u>substantial</u> showing of good cause.**

12)    All other deadlines and provisions in the Court's prior final progression order, Filing No. 20, not amended herein remain unchanged.

Dated this 2nd day of February, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

3