IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NORTHBRIDGE COMMERCIAL
INSURANCE CORPORATION, and
SOUTHVIEW TRUCKING LTD.,

Plaintiffs,

vs.

EDWARD HEINZ, and JANET HEINZ,

Defendants.

7:25CV5005

MEMORANDUM AND ORDER

Before the Court is Third Party Plaintiffs Edward Heinz and Janet Heinz's Motion for Leave to Serve Third Party Defendant by Publication. Filing No. 46. The Heinzes move the Court to enter an order permitting them to perfect service upon Third Party Defendant Jordan Dueck by publication.

**FACTS**

This case arises out of an accident between a semi-trailer truck and a bull. Plaintiff Southview Trucking Ltd. owns the semi-truck. The truck is insured by Plaintiff Northbridge Commercial Insurance Corporation. Filing No. 7. One or both Heinzes owns the bull. Filing No. 7; Filing No. 15. Dueck is the alleged driver. Filing No. 31. Discovery is ongoing between Plaintiffs and the Heinzes.

On October 17, 2025, the Heinzes filed a Third Party Complaint against Dueck. Filing No. 31. Dueck lives in Canada. The Heinzes hired a private process server to perfect service. The weekend of October 24–26, 2025, the process server traveled to Neilburg, Saskatchewan to attempt to serve Dueck at the 2nd Street address on his driver's license. When the process server arrived, she did not find a house matching Dueck's address. After speaking to a neighbor, she learned there are two 2nd Streets— 2nd Street West and 2nd Street East. The process server drove to 2nd Street East and found a house with a corresponding address. No one was home, so she left her business card in the door. Filing No. 40 at 4.

1

On November 5, 2025, the process server received updated information regarding Dueck's address. She attempted to serve the new location, located south of Neilburg, but no one was home and there were no lights on inside the house. Based upon her observations, it appeared no one had been home for "quite a while." The process server put her business card in the doors and confirmed with a neighbor who recognized Dueck's photo that she was at Dueck's house. The neighbor also told her Dueck is a truck driver who is rarely home, maybe once a month. Filing No. 40 at 4–5.

The process server attempted service again on November 10 and November 17, 2025. Both times, no one was home, and her business cards were still in the doors from the first service attempt. On November 10, the process server confirmed with a different neighbor she was at Dueck's house. This neighbor also told her Dueck is a truck driver who is often not home. Filing No. 40 at 5.

In February 2026, the Heinzes attempted service via registered mail at multiple addresses, including the address where the private process server attempted to personally serve Dueck. The remaining two addresses were P.O. boxes—one located by a private investigator the Heinzes hired, and the other found in a contract between Dueck Transport, Ltd. and Southview Trucking (Plaintiff). The Heinzes' attorneys received the returned, unclaimed registered mail envelopes in April 2026. *See* Filing No. 43; Filing No. 44; Filing No. 45. The Heinzes now move to perfect service on Dueck by publishing notice in a newspaper serving the Neilburg, Saskatchewan area.

**ANALYSIS**

Federal Rule of Civil Procedure 4(f) outlines three methods for serving individuals in a foreign country. The Heinzes move for alternative service on Dueck in Canada pursuant to Rule 4(f)(3). Rule 4(f)(3) permits the Court to order service on an individual in a foreign country "by other means not prohibited by international agreement."

As an initial matter, "there is no requirement that a party exhaust efforts to effect service pursuant to Rules 4(f)(1) or 4(f)(2) before seeking alternative service under Rule 4(f)(3)." *Global Air Charters, Inc. v. Mayfair Jets DWC-LLC*, No. 24-cv-3862, 2024 WL 5039907, at *2 (D. Minn. Dec. 9, 2024) (quoting citation omitted); *see also Patrick's Restaurant, LLC v. Singh*, No. 18-cv-00764, 2019 WL 121250, at *1–2 (D. Minn. Jan. 7,

2

2019) (plaintiff not required to exhaust Hague Service Convention before moving for alternative service). However, "courts will ordinarily permit alternative service only where the moving party shows that it has reasonably attempted to effectuate service on the defendant, and that the circumstances are such that the court's intervention is necessary." *Global Air Charters, Inc.*, No. 24-cv-3862, 2024 WL 5039907, at *2 (quoting citation omitted). "The purpose of this inquiry is to prevent parties from whimsically seeking an alternate means of service." *Id.* (quoting citation omitted). "Whether to allow an alternative method of service under subsection (3) is left to the sound discretion of the district court." *Renneger v. Manley Toy Direct L.L.C.*, No. 4:10-cv-00400, 2013 WL 12525907, at *8 (S.D. Iowa Dec. 5, 2013).

The Court finds the Heinzes have shown they have reasonably attempted to effectuate service on Dueck so that Court intervention is necessary. Through their process server, the Heinzes found Dueck's house and attempted to personally serve Dueck on three occasions. They received information that Dueck is rarely home due to his job. The Heinzes also unsuccessfully attempted to serve Dueck via registered mail at various addresses, including his known residential address. Under these circumstances, alternative service is appropriate.

The method of alternative service must "comport[] with constitutional notions of due process." *Global Air Charters*, No. 24-cv-3862, 2024 WL 5039907, at *2 (quoting citation omitted). "To satisfy the dictates of due process, the method of service must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Fraserside IP LLC v. Letyagin*, 280 F.R.D. 630, 631 (N.D. Iowa 2012) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Additionally, the Court may not authorize a method of alternative service "prohibited by international agreement." Fed. R. Civ. Proc. 4(f)(3). Here, the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention") is the relevant international agreement because Dueck lives in Canada and Canada is a signatory.

3

The Heinzes request the Court allow service by publication by publishing notice in the Merdian Source, a newspaper serving the Neilburg, Saskatchewan area, once a week for three successive weeks. This is a permissible method of alternative service. *See generally Indep. Film Dev. Corp. v. Junior Capital Inc.*, No. CV 13-00259, 2015 WL 12778352, at *3 (C.D. Cal. July 9, 2015) (collecting cases authorizing service by publication in Canada). However, the Court questions whether this method alone comports with constitutional due process. Dueck is a truck driver and the evidence suggests he is only home once a month. Publishing notice in a local newspaper for three weeks (less than a month) does not appear reasonably calculated to apprise Dueck of the pendency of the action and afford him an opportunity to present his objections.

Since alternative service is still warranted, the Court will allow service by publication in a <u>nationally</u> circulating newspaper in Canada once per week for <u>six</u> consecutive weeks. Moreover, since the Heinzes know Dueck's address and it appears he will eventually return home, the Court will further order the Heinzes to effect "nail and mail" service in conjunction with service by publication. Specifically, in addition to publication, the Heinzes are ordered to (1) cause an appropriate individual to post notice to the front and back doors of Dueck's house and (2) mail process to Dueck's three addresses. *See Zamora*, No. 14-CV-5344, 2017 WL 2954680, at *4 (nail-and-mail service permitted by the Hague Service Convention when country does not object to Article 10[1]—Canada does not object[2]).

## CONCLUSION

Accordingly,

IT IS ORDERED:

1) Third Party Plaintiffs' Motion for Leave to Serve Third Party Defendant by Publication, Filing No. 46, is granted in part and denied in part as set forth herein.

---

[1] Hague Service Convention art. 10, Nov. 15, 1965, T.I.A.S. No. 6638, 20 U.S.T. 361.

[2] Hague Conference on Private International Law ["HCCH"], *Canada – Central Authority & practical information*, https://www.hcch.net/en/states/authorities/details3/?aid=248 (last accessed April 29, 2026).

4

2) The Heinzes are hereby authorized to serve, and shall serve, Dueck via three alternative methods as follows:

    a. By publishing notice of this lawsuit in one national newspaper of general circulation in Canada once a week for six consecutive weeks.

    b. By posting notice of this lawsuit on the front and back door of Dueck's known place of residence.[3]

    c. By mailing, via regular mail, a copy of the Summons, Third Party Complaint, and this Memorandum and Order to the three addresses to which the Heinzes previously attempted service via registered mail.[4]

    d. The notice published in the newspaper and posted on Dueck's doors shall contain:

        i. The case number and caption;

        ii. Instructions on when and where to serve and file a responsive pleading;

        iii. A brief description of the Heinzes' claims; and

        iv. A link to the Court's Public Access to Court Electronic Records ("PACER") system (https://www.pacer.psc.uscourts.gov) with instructions on how to locate the Summons, Third Party Complaint, and this Memorandum and Order on the public docket.

    e. On or before **June 1, 2026**, the Heinzes' attorney shall serve Plaintiffs' counsel with the notice being published and posted.

3) The Heinzes shall file a status report with the Court by **June 1, 2026**. The status report shall include an affidavit with the following information: (1) the name of the national newspaper of general circulation in which notice of this lawsuit is being published and the dates such notice has or will be provided; (2) the date notice of this lawsuit was posted on the front and back door of Dueck's known

---

[3] The address the process server references in Paragraphs 5–8 of her January 29, 2026 Affidavit at Filing No. 40.

[4] The addresses in the Summons located at Filing No. 42.

place of residence; and (3) the date the Summons, the Third Party Complaint, and a copy of this Memorandum and Order were mailed.

4) Service is completed for the purposes of calculating Dueck's responsive pleading deadline the day after the last date of publication in the national newspaper or 30 days after the posting of the notice on Dueck's doors or 33 days after mailing process to Dueck, whichever occurs later. **The Heinzes will not be deemed to have effected service until service is completed under <u>all</u> three methods as set forth herein.**

Dated this 30th day of April, 2026.


BY THE COURT:


*s/ Jacqueline M. DeLuca*

United States Magistrate Judge